1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN DONALD KELSO,

11            Plaintiff,            No. CIV S-09-2142 MCE KJM P

12        vs.

13   SANDOVAL, et al.,

14            Defendants.           <u>ORDER</u>

15   _____/

16            Plaintiff is a civil committee currently held in Solano County Jail proceeding pro

17   se with a civil rights action under 42 U.S.C. § 1983.  On January 20, 2010, the court dismissed

18   the complaint and gave plaintiff the opportunity to file an amended complaint.  The amended

19   complaint is now before the court.

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

24   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.

5  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

11  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

14  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

16  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

17  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

18  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

19  Rhodes, 416 U.S. 232, 236 (1974).

20    The court finds the allegations in plaintiff's amended complaint so vague and

21  conclusory that the complaint fails to state a claim upon which relief can be granted.  Plaintiff

22  alleges that he is "on a one on one.  One nurse with me at all times."  He seeks placement in "a

23  protective custody unit for civilian commitments like myself."   He does not allege, however that

24  he is being held with inmates charged with crimes, which might state a claim, or even make clear

25  whether his claims relate to his housing in Patton State Hospital, which is in the Central District

26  of California, or in the Solano County Jail, which is in this district.

1    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

2    complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

3    v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

4    least some degree of particularity overt acts which defendants engaged in that support plaintiff's

5    claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file

6    an amended complaint.

7    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

9    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11   there is some affirmative link or connection between a defendant's actions and the claimed

12   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

13   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

14   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

15   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

18   complaint be complete in itself without reference to any prior pleading.  This is because, as a

19   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

20   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

21   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23   In accordance with the above, IT IS HEREBY ORDERED that:

24   1.  Plaintiff's amended complaint is dismissed.

25   2.  Plaintiff is granted thirty days from the date of service of this order to file a

26   second amended complaint that complies with the requirements of the Civil Rights Act, the

3

1  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

2  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

3  file a second amended complaint in accordance with this order will result in a recommendation

4  that this action be dismissed.

5         3.  The Clerk of the Court is directed to send plaintiff the form for a civil rights

6  action.

7  DATED: April 6, 2010.

8  _____

9  U.S. MAGISTRATE JUDGE

10  2
   kels2142.14amd

4