IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DONALD KELSO,

      Plaintiff,                        No. CIV S-09-2142 MCE KJM P

    vs.

SANDOVAL, Sheriff, et al,

      Defendants.               FINDINGS AND RECOMMENDATIONS

                          /

        Plaintiff is a civil committee proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed April 7, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2  fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.
5  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
6  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
8    In order to avoid dismissal for failure to state a claim a complaint must contain
9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
13 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
16 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).
20   Plaintiff's amended complaint suffers from many of the problems that plagued his
21 original complaint. For example, he says he is being kept in a single cell at the Solano County
22 Jail, yet complains that the Sheriff "keeps transporting me to Patton where I'm in so much
23 danger it's worth tears. And they are all devil worshippers [sic] there. . . ." He also claims that
24 the Solano County District Attorney and a judge are holding him without bail and that he should
25 be charged with a future imaginary misdemeanor, which is a lesser included offense of the future
26 /////

imaginary felony with which he his charged. He asks that he not be sent back to Patton, that he be transferred to Oklahoma where it appears he is facing charges, or that he be set free.

Plaintiff's request that bail be set, that he be released and that he not be returned to Patton are not properly litigated in a civil rights action, but rather should be pursued in habeas corpus. To the extent the court can understand other allegations of plaintiff's complaint, they relate to his housing while at Patton State Hospital, which is not in this district.

Even though plaintiff has been given an opportunity to file an amended complaint, he has not been able to cure the problems which prompted the initial order. In fact, the amended complaint is, in many ways, less comprehensible than the first complaint and raises issues THAT should be litigated in a habeas petition. Because it does not appear that plaintiff will be able to plead a cause of action cognizable in this district, the court will recommend that the complaint be dismissed without leave to amend.

IT IS THEREFORE RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and that the case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2010.

2 kels2142.14

U.S. MAGISTRATE JUDGE

3